## MAHONING EXPRESS CO v YOUNGSTOWN (city) et

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 13, 1933

J. N. Higley, Jr., Youngstown, for plaintiff.

Vern Thomas, Youngstown, for defendants.

## OPINION

By FARR, J.

This cause is in this court on appeal from the Court of Common Pleas of this county. The action below was for an injunction to restrain the City of Youngstown from removing from a certain lot on Glenwood Avenue the equipment and property of the plaintiff in this action. The cause came on to be heard in the court below and there was a finding and judgment in favor of the City of Youngstown, so that the issue to be determined here is whether or not the order directing the removal of this plant from this lot on Glenwood Avenue is a valid order.

The facts of importance in this connection are as follows: In 1929 the City of Youngstown passed what is known as a zoning ordinance, in which there are certain classifications of business that are prescribed within certain parts of the city, and these zones or districts as fixed by the ordinance range all the way from residence A to industrial B, industrial B being the lowest classification of districts in the city of Youngstown.

For some five years prior to the passage of this ordinance, Herman Halt had used this lot on Glenwood Avenue, situated between Woodland and Ridge Avenues, for the purpose of storing second-hand building supplies, and upon it there was a coal tipple; and the lot so used was fronting 179 feet on the westerly side of Glenwood and extending back in a westerly direction a distance of 200 feet. After the death of

Herman Halt his wife leased these premises to the Mahoning Express Company. This Company is in the business of transporting by truck articles of freight and express. The lot, however, is not used for loading or unloading or the deposit of any of the commodities so hauled by trucks of this Company. It is used merely as a place to re-fuel the trucks, change drivers, perhaps change tires if necessary, and it may be that some repairs are there made to the trucks. However, by the passage of the zoning ordinance in the city the use made of this lot by Herman Halt would have come within the classification of Industrial B, which would be the lowest classification of any district in the City of Youngstown. Although it is insisted here that the present use involves some of the matters permitted by Industrial A, and perhaps by Industrial B, it is worthy of note that the zoning ordinance sets out what business may not be carried on in certain districts. However, it may be noted that when the Mahoning Express Company succeeded to the use of the property it made what may be termed a clean-up. It removed some sign-boards, some piles of stones, the coal tipple and perhaps some second-hand building supplies, so that the lot was really placed in better condition by the Mahoning Express Company than it had been in during the tenure of Herman Halt and his use of this lot. Therefore, it must be conceded that the use made by the Mahoning Express Company was somewhat in advance or a somewhat higher classification than the use that Halt would be entitled to.

In the zoning ordinance there is, as set out in §10, page 11, a provision with reference to "non-conforming uses," and it reads as follows:

"The lawful use of a building or land existing at the time of the adoption of this ordinance may be continued, although such use does not conform to the regulations of the district in which it is maintained. An existing non-conforming use may be extended throughout a building, providing no structural alterations are made. An existing non-conforming use of a building or premises may be changed to another non-conforming use of the same or a higher classification but no building or premises in which a non-conforming use has been changed to a more restricted use, shall again be devoted to a less restricted use."

Thus it becomes clear that when the occupancy of the premises changed from Halt to the Mahoning Express Company, the Mahoning Express Company might have transacted business upon that property similar to that transacted by Herman Halt and it would have been a non-conforming use of the premises. He might have conducted the same kind of business or he may have used the premises for a higher classification and still have been within his rights. After the Mahoning Express Company took charge of this property all went well for some length of time and then three families living upon Glenwood Avenue petitioned the Planning Commission of the city to have this business removed. The reason given for requiring its removal was that trucks in the night season made much noise, and the principal petitions were perhaps the strongest in their denunciation of the use of the lot for trucks loading and unloading, and said that it disturbed their period of rest, although this was on a much traveled horoughfare. The record discloses the amount of traffic passing from day to day. There was testimony by one woman to the effect that she had not slept for a year, which seems quite improbable.

One of the principal petitioners was an applicant for employment by this company but there was no opportunity at the time the application was made and employment was declined, and very soon after that time the Planning Commission was petitioned to remove this express depot of the Mahoning Express Company. Just the real reason for this application is not made quite clear. Mr. Madicus of the Planning Commission says that it was a matter of much consideration when the matter came before the Commission. However, an order was made for its removal. The city was about to require it to be done when this action was brought and with the result mentioned.

In view of the fact that the Mahoning Express Company used this lot for a business which would be at least a somewhat higher classification than it had been used for, by Herman Halt, it is clear that the provision as to a "non-conforming use" would be applicable here, and even though there would be caused some disturbance by night time noises, it is just difficult to understand how the principal petitioners in this case would differentiate those noises from the noises of other trucks or other vehicles passing upon Glenwood Avenue; no doubt this business would occasion some noise, but it employs quite a number of people, expends many thousand dollars annually and this is some excuse for some little noise and inconvenience.

It becomes clear, therefore, that having succeeded to the rights, and in view of the fact that the Express Company now uses these premises for a somewhat higher classification, at least no lower than for which they were used by Mr. Halt, it follows that the Company is within its rights and the finding therefore is in favor of the plaintiff and an injunction will be allowed as prayed for.

Judgment for plaintiff.

POLLOCK and ROBERTS, JJ, concur in the judgment.