## McCAMBRIDGE et v
## MAHONING EXPRESS CO

Ohio Appeals, 7th Dist, Mahoning Co

Decided April 6, 1934

Clyde Osborne, Youngstown, and H. H. Hull, Youngstown, for plaintiffs.

J. N. Higley, Jr., Youngstown, for defendant.

## OPINION

By FARR, J.

Three grounds of defense are tendered in this case, the two principal grounds being that it is necessary for the Mahoning Express Company in the conduct of its business to so carry on, and lastly that the subject matter of this litigation is res adjudicata by reason of a case formerly heard in this court.

Attention is first directed to that case. It is **Mahoning Express Company v City of Youngstown et, (15 Abs 745)**. Some considerable reference was made to the decision in this case. It may be observed, however, that an examination of the report of the case discloses that the question then before the court was the relation of this business to the zoning ordinance of the city of Youngstown. This is indicated by this paragraph in the opinion:

"In the zoning ordinance there is, as set out in §10, page 11, a provision with reference to non-conforming uses, and it reads as follows."

And there was discussed at some length in the opinion in this case non-conforming uses, and of course it will be recalled that the zoning ordinance of the city of Youngstown has reference to commercial uses and non-commercial uses, so that was the real issue involved in the case to which reference is made, and the case is found in the **Ohio Law Abstract of March 3, 1934**. One can not read the opinion in that case without concluding that an entirely different issue was before the court. True enough, some matters adduced in evidence in the instant case were discussed in the opinion to which reference is made, but the court is deciding the question of violation of the zoning ordinance of the city of Youngstown. Clearly, the subject matter of the present controversy is not res adjudicata, as claimed in that behalf.

The remaining important question is whether or not there is disclosed here sufficient grounds for the interference of a court of equity. Numerous cases were called to the attention of the court by counsel for both parties, but a case of rather unusual interest in this connection is **Schlueter et v David L. Millingheimer**, a case decided in the Court of Common Pleas of Hamilton County by Judge Buchwalter, found in **14 Ohio Law Bulletin, 224**, which is practically in point with the instant case. The first proposition of the syllabi reads:

"Where various neighbors are alike deprived of the ordinary comforts of life in the occupancy of their homes, by a nuisance, they may properly be joined as plaintiffs in the same action to restrain its continuance, although they may own distinct property interests."

The second proposition reads:

"Noise may become a private nuisance, and on the complaint of those specifically injured may be restrained in a proper case."

And this is the claim in the instant case, that these two neighbors who are petitioning the court for injunction are specially injured because of their proximity to this business. The third proposition of the above case reads:

"Where the proprietor of a public resort, located in an otherwise quiet neighborhood, occupied for years by dwellings, introduces extreme features of amusement, as a roller-coaster or gravity railroad, causing unusual noise, and in a substantial degree depriving others, having ordinary sensibilities, of the ordinary comforts of life, such as rest and sleep at night, peace, quiet and rest on Sundays, disturbing family conversation, etc., he creates thereby a private nuisance, and where the proof is clear, certain and satisfactory that he has wrongfully done these things working a serious injury. the court will restrain him from its continuance, without the intervention of a trial by jury; and the mere fact that complainants waited until after the roller coaster was constructed and in operation will not estop them, when they did not know the character and degree of the noise, nor that it would be operated at unreasonable hours and times."

It is shown in the instant case that a motor was started running nearby these homes, that it ran for a day and a night, and that the noise was disagreeable and uncomfortable, as indeed it must have been. It is urged in argument that business affairs in this country have so grown that private interests must give way to these matters of progress such as involved in this case, the location for a terminal of a transportation company, and while that is true, yet the right to sleep at night and the right to be comfortable in one's home which is occupied for a long time has not changed in principle. Men and women are still entitled to comfortable rest and sleep, or the opportunity therefor.

Other cases of interest in this connection

and authorities are **20 Ohio Jurisprudence,** under the head of **"Nuisance,"** §§62, 71, 82, 111, 138, and then cases almost innumerable dealing directly or indirectly with controversies similar to the one at bar.

It is sufficient to say in this connection that the plaintiffs below, especially Peterman, are able to have made a substantial case in their behalf, and the conclusion is that the judgment of the trial court, in the light of the record, was proper and correct. This case was well presented and everything available was urged for the Express Company. However, for the reasons given, the same judgment may be entered in this court as below; that is to say, finding in behalf of plaintiffs, and a perpetual injunction will be granted, same as below.

LYNCH and ROBERTS, JJ, concur in judgment.